### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF GEORGIA - MACON DIVISION

| | |
|---|---|
| **CHASITY JENKINS**, *plaintiff,* —v— **LAZEGA & JOHANSON LLC**, *defendant.* | Civil Action File Number **5:17-cv-00064-MTT** **Jury Trial Demanded** |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW by counsel your Plaintiff to reply as follows to the Defendant's Response to Plaintiff's Motion for Partial Summary Judgment:

#### I — INTRODUCTION: THE TEST FOR RELEVANT EVIDENCE

Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence; and, the fact is of consequence in determining the action. FEDERAL RULES OF EVIDENCE ('FRE'), Rule 401. No party to this lawsuit disputes that Defendant, in February 2016, filed four consumer debt collection lawsuits against Plaintiff in Twiggs County.[1] Although evidence as to when and where and what type of lawsuit Defendant filed against Plaintiff would be relevant to a determination of this action, because no party disputes these facts, consideration of such evidence would waste time and resources and cause undue prejudice and delay. See FRE 403. Similarly, most of the other evidence Defendant marshals is either not material to any issue before this Court or redundant. And, as will be shown, neither party to this lawsuit genuinely

---

[1] Defendant concedes these facts. See Mark A Moore Affidavit (Doc 21-4) ¶¶ 29 and 30.

disputes that Plaintiff lived in Gwinnett County when Defendant filed those four consumer debt collection lawsuits against her in Twiggs County. Defendant instead argues that the word *resides* does not carry its plain, colloquial meaning to describe where a consumer lives, but means something completely different. This Court should reject the Defendant's argument because under 15 USC § 1692*i* the correct venue for the consumer debt collection lawsuits is the county in which the consumer <u>resides</u> at the time the lawsuits were commenced. Neither the legislative history nor the statute allows a <u>mailing address</u> to determine where a consumer resides. Nor does the statute allow that the word *resides* can mean *permanent residence* or *domicile*.

## II — Defendant Confuses Legal Conclusions with Facts

The heading for § II of Defendant's brief discloses its confusion. The heading asserts, "[t]here exists a question of fact as to whether Defendant violated the FDCPA." Doc 21, *p.* 2. Whether Defendant violated 1692*i* is a legal conclusion drawn from two material facts that the Defendant does not genuinely dispute: (1) Defendant filed four consumer debt collection lawsuits against Plaintiff in Twiggs County (2) when Plaintiff resided in Gwinnett County. Moreover, to prevail using a bona fide error as an affirmative defense, a defendant must concede and admit the violation.

## III — Defendant Must Chose Between Inconsistent Allegations

Although Federal rules of pleading permit a defendant to <u>plead</u> inconsistent facts, a defendant can genuinely dispute only one of them at summary judgment.[2]

---

[2] <u>See</u> *United States ex rel. Reeves v Mercer Transp. Co.*, 1:13-cv-108-LJA (MD Ga, April 28, 2017) (improper to plead both unjust enrichment and existence of a contract). <u>Compare</u> *Williamson v Walmart Stores, Inc.*, 3:14-cv-97-CDL (MD Ga, April 8, 2015) <u>citing</u> *United Technologies Corp. v Mazer* 556 F.3d 1260, 1273-4 (11th Cir., 2009), both limiting the utility of inconsistent pleading solely to prevent dismissal <u>on the pleadings</u>.

After discovery discloses the truth, Defendant must chose and assert one of the inconsistent facts³ else courts and litigants lose sight of ascertaining the truth to secure a just determination. Compare FRE 102, ("These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.")

Indeed, Defendant does not genuinely dispute that Plaintiff lived in Gwinnett County when it filed four lawsuits against her in Twiggs County. Defendant concedes that "Plaintiff ... lived in Gwinnett County for six months..." Doc 21, *p*. 4, citing Def SMF 1k, 2, 3. Defendant argues instead that Plaintiff "... took no action to establish this apartment as her domicile or legal residence for venue purposes." *Id*. Thus, the Defendant concedes — and does not genuinely dispute — that Plaintiff resides in Gwinnett County when it sued her in Twiggs County.

### IV — Defendant Ignores the Plain Words of the Statute

Defendant argues that the word *resides* in 1692i does not mean what it plainly conveys.⁴ This Court should reject the Defendant's attempt to alter the plain meaning of the statute by adding words and meaning to the statute not justified by its text.

---

³ In *Fefferman v Credit Associates, Inc*., No. 6:16-CV-1340-TC, 2017 WL 2782221, at *3 (D. Or. Jan. 23, 2017) the court denied summary judgment to a defendant movant whose inconsistent positions created a factual dispute. Here, however, Defendant cannot, and does not, genuinely dispute two inconsistent facts and instead concedes that Plaintiff lived in Gwinnett when it filed four lawsuits against her in Twiggs County.

⁴ See Doc 21, *p*. 3, "In Georgia, domicile and residence are not synonymous for venue purposes." Doc 21, p. 3-4, "… it is the individual's "permanent" residence — i.e., his domicile — that is the benchmark for determining proper venue." Doc 21, p. 4, "… a jury could reasonably find that Plaintiff's legal residence for venue purposes was the Twiggs County Address." And, Doc 21, p. 4, "Plaintiff only lived in an apartment in Gwinnett County for six months and took no action to establish this apartment as her domicile or legal residence for venue purposes."

The FDCPA does not presume that consumers possess a sophistication to select and to establish <u>for venue purposes</u> a *permanent residence* or a *domicile*.[5] 15 USC § 1692*i* in relevant part, with underlined emphasis supplied, provides:

> **§1692*i*. Legal actions by debt collectors (a) Venue** Any debt collector who brings any legal action on a debt against any consumer shall — ... (2) ... bring such action only in the judicial district or similar legal entity— (A) in which such consumer signed the contract sued upon;[6] or (B) <u>in which such consumer resides at the commencement of the action</u>.

1692*i* does not permit the debt debt collector to sue a consumer in the judicial district or similar legal entity[7] in which: (a) the consumer is "domiciled" under state law; (b) such consumer maintains his "permanent" residence; or, (c) is located the consumer's "legal residence for venue purposes."

Consumers understand that they reside where they actually live, return home from work, and sleep. <u>Compare</u> *Suez v Med-1 Solutions, LLC*, 734 F.3d 684 (7th Cir., 2013) where the 7th Circuit Court of Appeals used *live* and *reside* as synonyms. <u>See also</u> the extended discussion regarding jury instructions and the subsequent jury questions in regard to the common understanding about the meaning of the word *resides* in *United States v Minor*, Number 12-4383 (Fourth Circuit, 2012) (unpublished), in which the Fourth Circuit concluded that a person resides in any place where he "lives for at

---

[5] Courts employ the "least sophisticated consumer standard" to evaluate consumer behavior under the FDCPA. <u>See</u> *Jeter v Credit Bureau, Inc.*, 760 F.2d 1168 (11th Circuit 1985(The law was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous…").

[6] Defendant does not contend anywhere that Plaintiff signed the contracts sued upon in Twiggs County.

[7] Generally, except perhaps for Fulton County, the relevant "judicial district or similar legal entity" in Georgia is a *county*. In *Suesz v. Med-1 Solutions, L.L.C.*, 757 F.3d 636 (7th Cir. 2014) (en banc), the Seventh Circuit, held that the "correct interpretation of 'judicial district or similar legal entity' in § 1692*i* is the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." Fulton County, Georgia, maintains three venues for its magistrate, or small claims, courts.

least 30 days" and that "a person would live with some regularity in any jurisdiction where he is present for 30 days or more during [the relevant time period]." In *United States v Poitra*, 648 F.3d 884, 887 (8th Cir., 2011) the circuit court of appeals concluded that "the statutory definition of "resides" as "habitually lives" is similar to the commonly held understanding of the term." See also *United States v Namey*, 364 F.3d 843, 845 (6th Cir., 2004) (finding that "resides" in a federal child support statue has a commonly accepted meaning of physical presence with an intent to stay for an indefinite period of time, but not necessarily permanently). All of these definitions look to the location where the natural person places his or her body and not from which he or she retrieves mail.

     A consumer need not reside, i.e., live, at the same address at which he or she receives mail. Indeed, many college students, young persons embarking on their careers, and even adults disclocated by exigencies of divorce, a lost job, or a natural disaster often cannot maintain a stable place of residence for any purpose. Responsible persons subject to frequent moves must therefore choose a stable mailing address to secure their important communications and to avoid unnecessary expenses associated with notifying others about their frequently changing living places.

     As Plaintiff explained in her deposition, because of her frequent moves she choose her parents home address, where she grew up, as her mailing address: 58:17, "Q. You gave government agencies the Danville address? A. Yeah. That's my stable address because, as you can see, I move over the years so many times and that's the address that is the most stability for me. I know that someone is going to be there to let me know that mail was there." And, 67:8, "Q. When you gave them the address for Danville, 109

Oakhill Road address, why did you give them that address instead of the address where you were living at the time? A. Well, I was in college. And, as I said, I used to move around a lot and I just wanted to give a stable address to send my documents to while I was in college. Q. So you were fairly secure that no matter where you went and lived, you would be able to get communications regarding any of these matters? A. Yes."

The statute's plain words require the debt collector to sue the consumer in the judicial district or similar legal entity <u>in which the consumer resides</u> — where the consumer actually lives. In this case, were the Court to adopt the Defendant's interpretation of 1692*i*, Plaintiff could be sued more than 125 miles away from where she actually lived,[8] a result contrary to the intent and purpose of 15 USC § 1692*i*.

### V — LEGISLATIVE HISTORY OF 15 USC § 1692*i*

The Court should begin with the plain language of the statute. *Pickens v Collection Services of Athens, Inc.*, 165 F. Supp.2d 1376 (2001) <u>citing</u> *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (noting that "[i]n construing a statute we must begin, and often should end as well, with the language of the statute itself."). Court's should turn to legislative history only when the statutory language is ambiguous. *Pickens*, above, <u>citing</u> *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1283 (11th Cir.1999) ("When interpreting a statute, we look to its plain language, resorting to legislative history in an attempt to discern congressional intent only when the language of the statute is unclear.") Thus, if any ambiguity in the meaning of the word *resides* remains, the legislative history will resolve the issue.

---

[8] Public fact based on Google Maps with a search string for directions and mileage between 2200 Satellite Boulevard, Duluth, and 425 Railroad Street, Jeffersonville where the Twiggs County courthouse is located.

1692*i* is built upon an approach adopted by the FEDERAL TRADE COMMISSION and the courts prior to the FDCPA's enactment. See S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 5, 8, reprinted in 1977 U.S.C.C.A.N. 1695, 1696 ("This legislation also addresses the problem of "forum abuse," an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear. As a result, the debt collector obtains a default judgment and the consumer is denied his day in court. In response to this practice, the bill adopts the "fair venue standards" developed by the Federal Trade Commission. A debt collector who files suit must do so either where the consumer resides or where the underlying contract was signed. When an action is against real property, it must be brought where such property is located. … The Commission reports that this standard is effective in curtailing forum abuse without unreasonably restricting debt collectors.") See *Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287 (7th Cir. 1976) (nationwide mail order retailer sued and obtained judgments against its distant customers in court in Cook County, Ill; practice was "unfair"). See also *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352 (Alaska 1974) (using distant forums violation of due process rights); Keever, FTC Informal Staff Letter (May 19, 1989); Reffkin, FTC Informal Staff Letter (Jan. 29, 1988). Compare *Ray v McCullough Payne & Haan*, 838 F.3d 1107 (2016) ("The Federal Trade Commission's reading of the FDCPA supports this reasoning" about venue for garnishment cases.)

## VI — 15 USC § 1692*i* CANNOT BE WAIVED

Moreover, the venue protections of 15 USC § 1692*i* cannot be waived. *Canady v. Wisenbaker Law Offices, P.C.*, 372 F.Supp.2d 1379 (N.D. Ga. 2005) (attorney collection firm violated FDCPA by filing its collection suit in venue prohibited by § 1692*i*;

consumer's failure to notify attorney collection firm of its violation of FDCPA venue provision or otherwise object to its filing in improper venue was irrelevant as to firm's defense to violation or its establishment of its putative bona fide error defense). <u>Accord</u>: *Blakemore v. Pekay*, 1995 WL 399460 (N.D. Ill. June 27, 1995) (debtor does not waive his FDCPA venue claims by appearing in "judicial district" other than where he resided or signed contract); *Cole v. Cardez Credit Affiliates, L.L.C.*, 2015 WL 1281651 (D. Idaho Mar. 19, 2015) (consumer's failure to challenge venue in state debt collection suit did not waive §1692i claim for collector's garnishment proceeding against consumer's bank account).

Defendant's argument would permit consumers to waive 1692*i* by choosing to use, for example, a <u>mailing address</u> on their driver's license card, as Georgia law plainly permits. <u>See</u> GEORGIA DEPARTMENT OF DRIVER SERVICES, Rule 375-3-1-.13(1)(d), which plainly permits use of a mailing address on a driver license card. The Rule is quoted on page 6 of *Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Deposition Errata Sheet* which by this reference is incorporate here as if fully set forth. Defendant has made no showing that it even viewed Plaintiff's driver's license card before her deposition on June 2, 2017. Permitting the Defendant to adopt a procedure so clearly and unreasonably focused upon a <u>mailing address</u> rather than the address at which the consumer resides forces such a waiver upon all responsible consumers who live in a county different from the county in which they collect their mail.

### VII — DEFENDANT'S APPEAL TO IRRELEVANT EVIDENCE

Defendant debt collector confuses its <u>after-the-fact</u> address "skip trace" with its obligation under 15 USC § 1692*i* to determine — <u>before filing suit in February 2016</u> —

whether its prospective defendant lives at the same address where he or she picks up her mail. Defendant's argument, essentially, boils down to the proposition that by asking for and confirming a prospective defendant's <u>mailing address</u> it should be immune from 1692$i$ liability under 1692$k$(c) since, more often than not, a consumer lives where he or she receives mail. But, 1692$k$(c) requires "the maintenance of procedures reasonably adapted <u>to avoid</u> any such error." The procedure Defendant adopted here, rather reasonably avoiding the error, will actually cause the error whenever a consumer resides in a judicial district different from the judicial district in which they receive their mail. A procedure that by design causes the error it is by law required to avoid cannot be held as a matter of law "reasonably adapted to avoid the error."

     First, the undisputed fact that Plaintiff frequently moved does not absolve the Defendant from asking the simple question, "In what county do you live?" or even "Do you live where you receive your mail?" Americans generally are among the most mobile, frequently moving people in the entire world.[9] Defendant suffered from no compunction to ask Plaintiff multiple times for her <u>mailing address</u>. Defendant cites no law prohibiting such questions as would determine the judicial district in which a consumer lives and 1692$k$(c) all but requires such questions whenever a debt collector, as did Defendant, asks a consumer <u>solely</u> for a mailing address. Defendant should not be surprised that it received a truthful answer from Plaintiff, even though its after-the-fact research turned up an irrelevant misrepresentation about her residence made in 2012 to her bankruptcy lawyer and even though she may temporarily have returned to her parent's home to live during her bankruptcy. And, in any event, Plaintiff did not move to

---

[9] Esipova, Neli, Julie Ray and Anita Pugliese (Gallup), "The demographics of global internal migration," MIGRATION POLICY PRACTICE, vol 3, Number 2 (April-May 2013).

Gwinnett County from Twiggs County only 20 days before Defendant filed the four lawsuits against her. Plaintiff moved to Gwinnett County from Macon-Bibb County. She'd already lived in Macon-Bibb County for a year before she moved to Gwinnett County; and, Defendant did not sue Plaintiff in Macon-Bibb County. Plaintiff gives a chronology of her residence addresses from the date of Plaintiff's June 2, 2017, deposition (7:19) back to the year 2000 (11:7). The last time she'd lived in Twiggs County was before December 2014. Plaintiff's Deposition, 9:1-4.

Second, *Mark A. Moore's Affidavit* (Doc 21-4) and the collection notes annexed to it disclose that the Defendant did not commence a skip trace until <u>after</u> it filed its four lawsuits, <u>after</u> the Plaintiff hired a lawyer, <u>after</u> Plaintiff's lawyer answered the four lawsuits, and <u>after</u> the lawsuits had been dismissed. *Mark A. Moore's Affidavit*, ¶ 6 states, "All of Lazega's staff, paralegals and attorneys are trained and directed to make notes in real time in the collection software." ¶ 8 states that attached to *Moore's Affidavit* "as Exhibit 1 is a correct, redacted copy of the notes maintained in the Lazega's legal collection software regarding Plaintiff's debt." In Exhibit 1, at Doc 21-4, page 19, entered on 04/26/2016, we read these notes: "The court dismissed our case … because Chasity does not live in the jurisdiction. … **skipping for Chasity (likely in Macon, GA).**" The Court will search in vain for any evidence showing that anyone conducted a skip trace <u>before filing the lawsuit</u> — even notwithstanding that it limited its questions to Plaintiff's <u>mailing address</u>. The 2017 ACCURINT report is irrelevant. Defendants have shown no interest in Plaintiff's <u>residence address</u> until sued in this case.

Third, Defendant cannot and does not dispute that it promulgated and used a <u>written procedure</u> more reasonably adapted to confirm a consumer's identity from the

consumer <u>mailing address</u> rather than to establish the consumer's physical <u>residence address</u> before filing a consumer debt collection lawsuit. See *Mark A. Moore's Affidavit* (Doc 21-4) ¶¶ 12 - 28. Plaintiff received the Defendant's letter at her most stable, <u>mailing address</u> given for purposes of the loan when she made the loans — her parent's home where she had grown up before she left for college and the <u>mailing address</u> she <u>responsibly</u> kept to verify her identity with respect to the loans and, <u>also responsibly</u>, to insure that she would continue to receive all her important mail regarding the loans. After receiving letter, Plaintiff, <u>again responsibly</u>, called Defendant using 21st century technology, her cell phone, which is not attached by a physical land wire to any address. Defendant's employee Sal Muhammad proceeded, not for purposes of establishing where she resides for purposes of 1692*i*, but establish her identity, to ask Plaintiff multiple times for her <u>mailing address</u>. Defendant's employee never once bothered to ask Plaintiff for the location, address, or county of her residence which is the easiest, simplest, most straight forward, and reasonable means to obtain the information.

## VIII — CONCLUSIONS

Defendant does not appear to understand how affirmative defenses in general work, nor how the the affirmative bona fide error defense works in particular. First, it failed in its original *Answer* to describe any factual support for any of the elements for the bona fide error defense. Second, when asked for copies of its written procedures supporting the affirmative defense, it produced a written procedure adapted toward confirming a consumer's identity and not reasonably adapted toward confirming a consumer's <u>residence address</u>. In fact, the written procedure failed to distinguish at all between a mailing and residence address.

When put to the task on partial summary judgment to choose between the a fact that supports its contention that no venue violation occurred (i.e., that Plaintiff lived in Twiggs County in February 2016) or its bona fide error affirmative defense in which it must admit that a venue violation occurred, Defendant conceded that, in fact, Plaintiff lived in Gwinnett County in February 2016 when Defendant filed the four lawsuits against her in Twiggs County. Thus, Defendant does not <u>genuinely</u> dispute the material fact of Plaintiff's residence in Gwinnett County in February 2016.

Defendant instead makes two, mutually inconsistent arguments. On behalf of its bona fide error affirmative defense, it erroneously claims that it can rely upon a procedure whose design will actually cause the error the procedure should instead, as a matter of law, try to prevent. Defendant is not entitled to the bona fide error affirmative defense because (1) it does not have a procedure reasonably adapted to prevent the error and (2) because it refuses without reservation or purpose of evasion to admit the venue violation.

Defendant also argues — on behalf of its claim that Twiggs County was the correct venue in which to sue Plaintiff — that the word *resides* in in 1692*i* does not mean what it plainly conveys. The Court should reject Defendant's legal argument about the meaning of the word *resides* as used in 1692*i*. It's plain, colloquial meaning should prevail over technicalities that unsophisticated consumers do not understand, because consumer behavior under the FDCPA must be judged under the least sophisticated consumer standard and because the result would be contrary to the legislative purpose for 1692*i* since it would require Plaintiff to defend lawsuits over a 125 miles from her home.

Wherefore your Plaintiff asks for a partial summary judgment against the Defendant finding that Defendant is not entitled to the bona fide error affirmative defense and finding it liable to Plaintiff for suing her in four debt collection actions in the wrong venue (Twiggs County instead of Gwinnett County); and to reserve for trial her damages and reasonable attorneys fees and costs.

Respectfully submitted this September 7, 2017, by:

Addleton Ltd. Co.

by: s\ *David F. Addleton*

David F. Addleton
Attorney for Plaintiff
GBN 005050

PO Box 416
Macon GA 31202-0416
voice: 404.797.7166
fax: 1.888.398.0898
email: dfaddleton@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the below written he served a copy of the Plaintiff Chasity Jenkin's *Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment* by by electronically filing the same with the Clerk of the

Court using the CM/ECF System that will send notification of such filing to all counsel of record as follows:

> David B Fife, Esq, davidf@ljlaw.com; and,

> David F Addleton, Esq, dfaddleton@gmail.com.

Respectfully submitted this September 7, 2017, by:

> [Signature on following page.]
>
> Addleton Ltd. Co.
>
> by: s\ *David F. Addleton*
>
> David F. Addleton
> Attorney for Plaintiff
> GBN 005050

PO Box 416
Macon GA 31202-0416
voice: 404.797.7166
fax: 1.888.398.0898
email: dfaddleton@gmail.com