# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHASTITY JENKINS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-64 (MTT) |
| LAZEGA & JOHANSON, LLC, | ) |
| Defendant. | ) |

## ORDER

The Defendant, Lazega & Johanson, LLC, has moved to strike two portions of the deposition testimony errata sheet of the Plaintiff, Chastity Jenkins. Doc. 16. Separately, Jenkins has moved for partial summary judgment, arguing that she is due judgment as a matter of law on Lazega's affirmative defense of bona fide error. Doc. 17. But, as discussed further below, the contested portions of the deposition testimony are not yet material to any motion or issue before the Court, and genuine issues of material fact remain in dispute as to Lazega's bona fide error defense. Accordingly, both motions (Docs. 16; 17) are **DENIED**.

## I. BACKGROUND

15 U.S.C. § 1692i(a)(2) of the Fair Debt Collection Practices Act requires debt collectors to bring their legal actions against consumers on debts "only in the judicial district or similar legal entity" where either "such consumer signed the contract sued upon" or "such consumer resides at the commencement of the action." 15 U.S.C. § 1692k gives consumers whose FDCPA rights are violated a cause of action against the

violating debt collector. But 15 U.S.C. § 1692k(c) allows a debt collector to avoid liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

Jenkins brings this action against Lazega, claiming that Lazega, a law firm, violated 15 U.S.C. § 1692i by filing state collection suits against Jenkins in the wrong judicial venue. Docs. 1; 13. Lazega denies that it violated the FDCPA. Docs. 5; 9; 14. In its original answer, Lazega also stated the following as its tenth affirmative defense: "To the extent any error was made by Defendant—which Defendant denies—such error was a bona fide error and the Plaintiff is therefore barred from recovery." Doc. 5 at 3. Jenkins moved to strike that defense, arguing that Lazega had "fail[ed] to plead the asserted bona fide error with sufficient particularity." Doc. 6-1 at 1. Instead of responding to the motion, Lazega amended its answer to add particularity to its bona fide error defense. Doc. 9 at 3-5.

Jenkins subsequently moved to amend its complaint to correct a scrivener's error concerning Jenkins's residence, and Lazega consented to the motion. Doc. 11. The Court granted the motion, Jenkins filed an amended complaint, and Lazega filed an amended answer. Docs. 12; 13; 14.

Now, Lazega moves to strike two portions of an errata sheet of Jenkins's deposition; Lazega argues that the changes impermissibly contradict the deposition testimony without adequate explanation. Doc. 16-1. Jenkins responds that the changes are permissible and do not relate to any disputed issues. Doc. 18. Separately, Jenkins moves for partial summary judgment, arguing that she is entitled to judgment as

a matter of law on Lazega's bona fide error defense. Doc. 17. Lazega responds that whether it is entitled to the bona fide error defense is a genuine dispute of material fact appropriate for resolution by a jury. Doc. 21.

## II. DISCUSSION

### A. Lazega's Motion to Strike

Pursuant to Federal Rule of Civil Procedure 30(e)(1), witnesses are allowed 30 days after their deposition transcript is available to review the transcript and, if they find "changes in form or substance" that should be made to the transcript, "to sign a statement listing the changes and the reasons for making them." In *Norelus v. Denny's, Inc.*, a case affirming a district court's sanctions against attorneys, the Eleventh Circuit held that "submission of [a] novella-length errata sheet making a slew of material changes to their client's deposition testimony was improper." 628 F.3d 1270, 1281 (2010). But in *Norelus*, the Eleventh Circuit noted that the exact scope of a proper Rule 30(e) errata sheet differs among courts, and the Eleventh Circuit did not articulate a rule for district courts to follow. *See id.* (noting that (1) the Seventh, Ninth, and Tenth Circuits' rule is that changes that contradict the deposition testimony are usually not allowed and may be stricken, but that (2) the Second and Third Circuits appear to permit courts to consider errata sheets even when the changes contradict the deposition testimony); *see also Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, 2016 WL 866368, at *6-7 (M.D. Fla.) (noting that, even post-*Norelus*, district courts in the Eleventh Circuit differ on whether to adopt a "broad" interpretation of Rule 30(e) by refusing to grant motions to strike substantive changes to discovery through errata sheets, because of safeguards such as allowing the original deposition answers

to remain in the record for use at trial, or a "narrow" interpretation of Rule 30(e) by striking substantive changes made by parties to deposition testimony through errata sheets, and adopting the "narrow" view); *United Subcontractors, Inc. v. Darsey*, 2013 WL 5770559, at *1-2 (M.D. Fla.) (noting the split and adopting the "broad" view of Rule 30(e) and denying the motion to strike).

     Here, Lazega moves to strike two entries from the errata sheet for the deposition testimony of Jenkins. Doc. 16-1. Specifically, Lazega contests Jenkins's changes from (1) "yeah" to "no" in response to the question, "So if someone was looking at your driver's license would [sic] assume you lived at 109 Oakhill Road?", and (2) "yes" to "no" in response to the question, "You mentioned that you lived in essentially Gwinnett for two years, which would have covered up to about 2014." Docs. 16-1 at 1; 16-2 at 3:15-17, 4:24-5:3; 16-3 at 2. Lazega argues that the entries both "substantively change the Plaintiff's deposition testimony and squarely contradict her deposition responses." Doc. 16-1 at 1. Lazega argues further that Jenkins's stated explanations for the changes—to correct a "transcription error" and "[s]ee [surrounding testimony]," respectively—are insufficient, especially in light of an affidavit from the court reporter who transcribed the deposition, certifying that the original transcript was correct. *Id.*; Docs. 16-3 at 2; 16-4 at 2.

     Lazega cites a Northern District of Georgia case in support of its position that "errata sheets which contain substantive changes from the party's deposition are impermissible and should be stricken." Doc. 16-1 at 5-6 (citing *Dering v. Serv. Experts Alliance, LLC*, 2007 WL 4299968, at *4) (emphasis omitted). But in *Dering*, a pre-*Norelus* case, the district court ultimately found that the issue was "not settled in the

Eleventh Circuit" and that, "[u]nder the specific circumstances" of the case, the motion to strike should be denied. *Dering*, 2007 WL 4299968, at *4-5. As Jenkins points out, the contested deposition portions are not relevant to any issue yet before the Court. Doc. 18 at 3. Further, as noted above, it is unsettled in the Eleventh Circuit whether errata sheets may be used, "absent a good reason," to contradict deposition testimony. *Travelers Indem. Co.*, 2016 WL 866368, at *7. Accordingly, the Court does not yet need to decide whether to disregard the errata sheet changes, and the Court **DENIES** Lazega's motion to strike the errata sheet changes. If the disputed testimony becomes relevant in the future, the Court will decide whether to consider the errata sheet then. At that point, the Court would consider factors such as the contradictory nature of the changes, the proffered explanations for the changes, and the court reporter's affidavit.[1]

## B. Jenkins's Motion for Partial Summary Judgment

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden rests with the moving party to prove that no genuine issue of material fact exists. *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (citation omitted). The party may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents,

---

[1] If Lazega chooses to file the audio recording of the deposition, the Court would afford Jenkins the opportunity to review it as requested. *See* Doc. 18 at 7-8 (requesting an opportunity to review the audio recording).

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

If the moving party makes this showing, "the burden shifts to the non-moving party to rebut that showing by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citation omitted).

The FDCPA allows a defendant to escape liability by proving, by a preponderance of the evidence, that the violation of the Act "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Jenkins now moves for summary judgment on Lazega's bona fide error defense. Doc. 17. Accordingly, the question for the Court is whether Jenkins has established that "there is no genuine dispute" that Lazega either acted intentionally, made an error that was not

bona fide, or failed to maintain procedures reasonably adapted to avoid such errors. Fed. R. Civ. P. 56(a); 15 U.S.C. § 1692k(c); *see Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1353 (11th Cir. 2009) ("The failure to meet any one of those three requirements is fatal to the defense.").

Jenkins first argues that Lazega "is not entitled to the [bona fide error] defense because [it] refused to admit that it violated 15 U[.]S[.]C[.] § 1692i." Doc. 17-1 at 11. Jenkins cites no authority, and the Court finds none, that requires Lazega "to admit the violation" before asserting the bona fide error defense. *Id.* at 10. Indeed, Lazega points to several cases in district courts within the Eleventh Circuit in which FDCPA defendants asserted a bona fide error defense while simultaneously maintaining that no FDCPA violation occurred. *See* Doc. 21 at 7 (citing *Crespo v. Butler & Hosch, P.A.*, 2014 WL 11531360, at *5 (S.D. Fla.) ("Defendant submits that, even if it engaged in debt collection activity, it should not be exposed to liability where the letter was sent in bona fide error."); *Wyman v. Northland Grp., Inc.*, 2014 WL 12586057, at *6 (M.D. Fla.) (defendant also arguing that no FDCPA violation occurred and, in the alternative, any violation was a bone fide error); *Salazar v. MFP, Inc.*, 847 F. Supp. 2d 1329, 1332 (M.D. Fla. 2012) (same); *Sanchez v. United Collection Bureau, Inc.*, 649 F. Supp. 2d 1374, 1380 (N.D. Ga. 2009) (same), *adopting Magistrate Judge's Report and Recommendation*. The Court finds that Lazega's defense that it did not violate the FDCPA does not bar it from asserting a bona fide error defense.

The Court therefore turns to the three elements a debt collector must prove to merit a bona fide error defense: that the debt collector's violation was not intentional, that it was a bona fide error, and that it occurred despite the debt collector maintaining

procedures "reasonably adapted to avoid any such error." *Edwards*, 584 F.3d at 1352-53 (citation omitted). "As used in the [FDCPA,] 'bona fide' means that the error resulting in a violation was made in good faith; a genuine mistake, as opposed to a contrived mistake." *Id.* at 1353 (quotation marks and citation omitted). Here, Lazega offers the affidavit of Mark A. Moore, a partner at the firm with "personal knowledge of the manner and method of keeping the business records of Lazega," including the firm's "business records concerning the subject of this action." Doc. 21-4 ¶ 3. Moore testifies that Lazega's filing of the state court actions in the wrong venue, if it did so, was not intentional and was a bona fide error. *See id.* ¶¶ 48-49, 51 (testifying that the firm "did not intend to file the state court actions in an improper venue," that the address used "was believed to be an accurate address" of Jenkins, and that the filing of the state collection lawsuits "was done in good faith"). Jenkins has not offered evidence to the contrary. Accordingly, the Court cannot find that there is "no genuine dispute" as to Lazega failing to meet the first two requirements of the bona fide error defense, and the Court turns to Jenkins's argument regarding whether Lazega failed to maintain "procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

As to the requirement that debt collectors maintain procedures to prevent FDCPA violations, Jenkins argues that Lazega did not have a procedure to adequately confirm consumers' residences; its procedure merely confirmed the identity of the consumer. *See* Doc. 17-1 at 11 (quoting Lazega's Communication Policy, which calls for its employees to verify consumers' first and last name "as well as two additional pieces of information"). Jenkins continues: "A procedure designed to verify identity cannot plausibly be used to prevent a venue violation in the absence of any instruction to verify

identity by reference to a consumer's residence address or at least to solicit the county in which the consumer lives." Doc. 17-1 at 12 (emphasis omitted). Therefore, according to Jenkins, Lazega's procedure "is not reasonably adapted to elicit either the address in which a consumer made a loan contract or the address in which a consumer currently lives." *Id.* at 14-15.

Lazega points to the following procedures to avoid violating 15 U.S.C. § 1692i:

> (1) [S]end a demand letter to the physical postal address provided by the debtor; (2) document in the legal collection software that the letter was sent and the address to which it was sent; (3) if the demand letter to the address is not returned undeliverable, unable to forward or with any change of address correction, then the address is presumed to be accurate; (4) document any responsive mail or phone calls that result from the demand letter to confirm and verify that the address used for the initial demand letter was accurate; (5) phone calls from the debtor are verified against the address presumed to be accurate based on the demand letter sent by Lazega; (6) notes are kept in collection software confirming same and, [sic] updating if changed information is provided; (7) a search of the zip code from the confirmed address on the website Zip Codes To Go is used to verify the county to file the lawsuit.

Doc. 21 at 14; *see* Doc. 21-4 ¶ 32 (Mark A. Moore describing the procedures to avoid violating the FDCPA venue rule almost identically in his affidavit). Mark A. Moore further stated in his affidavit that Lazega employees undergo ongoing training and testing for FDCPA compliance, including the procedures to avoid violating 15 U.S.C. § 1692i. Doc. 21-4 ¶¶ 7, 32-33. Moore continued that, in his "more than 20 years of experience as an attorney handling collection lawsuits, a confirmed physical mailing address is the most accurate means of establishing residence and venue," and that is why many of Lazega's venue-verification procedures rely on a consumer's mailing address. *Id.* ¶ 39. Lazega also points to the records it keeps of phone correspondence

with consumers and its policy requiring an "[a]ttorney with [c]lient-specific knowledge" to review lawsuits to ensure that "[p]roper jurisdiction in which the [c]ustomer resides was utilized." *Id.* at 12-21, 26, 29.  In light of this evidence, the Court cannot find, as a matter of law, that Lazega failed to maintain "procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).  Rather, the Court agrees with Lazega that "whether [its] procedures were reasonably adapted to avoid the error is a classic fact issue to be resolved by the jury." Doc. 21 at 15 (quotation marks omitted).

### III. CONCLUSION

Accordingly, Lazega's motion to strike (Doc. 16) is **DENIED**; but if the contested portions of the deposition become relevant to a material dispute the Court needs to resolve, the Court will consider whether to consider the errata sheet changes.  Jenkins's motion for partial summary judgment (Doc. 17) is **DENIED**.

**SO ORDERED,** this 20th day of December, 2017.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT